**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GABRIELLE S. WARNER, | 22 CV. _____ (_____) |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| AMAZON.COM, INC., AMAZON CONTENT SERVICES, LLC, ANIMAL KINGDOM, LLC, BIG INDIE PICTURES, INC., TRACEY CHERELLE JONES, MARIAMA DIALLO and DIALLOGIALLO, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff, GABRIELLE S. WARNER ("Plaintiff" or the "Writer"), by her attorneys, Taylor Louis, LLP, complaining of the Defendants, Amazon.com, Inc. ("Amazon"), Amazon Content Services, LLC (Amazon Content"), Animal Kingdom, LLC ("Animal Kingdom"), Big Indie Pictures, Inc. ("Big Indie"), Tracey C. Jones ("Ms. Jones"), Mariama Diallo ("Ms. Diallo") and DialloGiallo, Inc. ("Diallo Inc.") (together, "Defendants"), herein, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.    This is action seeks to recover, *inter alia,* money damages arising out of Defendants' violation of Plaintiff's exclusive copyright in the screenplay entitled "The Board" (the "Original Work"), which was created by Plaintiff, the African American writer, Gabrielle Warner, and copyrighted in 2005 and 2020.  The use of the Original Work by Defendants in the form of the film "Master," featuring African American actress, Regina Hall, in the lead role, is a violation of federal copyright law and the use of the Original Work is an affront to Artist, her livelihood and her brand. In the absence of the actual written consent of the Writer, and without her actual knowledge, Defendants infringed upon her rights by using the Original Work to write, produce and distribute "Master" (hereinafter, the "Infringing Work"). This use by Defendants of Plaintiff's Original Work or any significantly similar portions of it constitutes willful infringement by Defendants because Plaintiff properly recorded a copyright for the Original Work, and no expressed written consent was secured from Plaintiff before

1

the Original Work, or significantly similar portions of it, were produced and distributed in the form of the Infringing Work.  The Writer never expressly authorized any person or entity to act as an agent for the Writer for the purpose of producing and distributing the Original Work.  The Writer has never received any compensation or signed any document waiving her rights to any compensation for the production and distribution of the Original Work from any of the Defendants, or anyone associated with any of the Defendants. The Writer has not granted any license, limited or otherwise, to any person or entity, for the use of the Original Work to her exclusion in any way, shape, form, or fashion.  Consequently, and as more fully set forth below, the Writer seeks damages and equitable relief for direct, contributory, and vicarious copyright infringement, arising from the unlawful use of the Original Work or significantly similar portions of the Original Work in violation of the United States Copyright Act, 17 U.S.C. § 101 et seq. (the "Copyright Act").

## JURISDICTION

2.      This action is brought pursuant to 17 U.S.C. § 501(copyright infringement), 28 U.S.C. §§1331 (Federal question jurisdiction) and 1338(a) (acts of Congress relating to copyrights). Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over any, and all, State law claims and causes of action which derive from the nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

3.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (b) (3) because there are Defendants residing in this district who are subject to the Court's personal jurisdiction, and 28 U.S.C. § 1400 (a).

## PARTIES

4.      Plaintiff, GABRIELLE S. WARNER, was and still is a resident of the County of Harford, City of Aberdeen, State of Maryland.

5.      Plaintiff, GABRIELLE S. WARNER, is a writer of original screenplays and a United States citizen of African descent.

2

6.      At all times relevant herein, Defendant Amazon.com, Inc., was and still is, a DELAWARE corporation, with corporate headquarters located at 410 Terry Avenue North, Seattle, Washington 98109, doing business in the City and State of New York, New York County, with offices located at 410 10th Avenue, New York, New York 10001.

7.    At all times relevant herein, the managers, supervisors and employees of Amazon involved in producing and distributing the Infringing Work were acting within the scope of their duties and functions as agents, servants and employees of Defendant Amazon, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for, and on behalf of, Defendant Amazon at all times relevant herein, with the power and authority vested in them as agents, servants and employees of Defendant Amazon and incidental to the lawful pursuit of their duties as employees, servants and agents of Defendant Amazon.  At all times relevant herein, the managers, supervisors and employees of Amazon involved in producing and distributing the Infringing Work were discharging their responsibilities for the benefit of Amazon.

8.    At all times relevant herein, Defendant Amazon Content Services, LLC, was and still is, a DELAWARE limited liability company, wholly owned by Defendant Amazon, with corporate headquarters located at 410 Terry Avenue North, Seattle, Washington 98109, doing business in the City and State of New York, New York County, with offices located at 410 10th Avenue, New York, New York 10001.

9.    At all times relevant herein, the managers, supervisors and employees of Amazon Content involved in registering the copyright of the Infringing Work were acting within the scope of their duties and functions as agents, servants and employees of Defendant Amazon Content, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for, and on behalf of, Defendant Amazon Content at all times relevant herein, with the power and authority vested in them as agents, servants and employees of Defendant Amazon Content and incidental to the lawful pursuit of their duties as employees, servants and agents of Defendant Amazon Content.  At all times relevant herein, the managers,

supervisors and employees of Amazon Content involved in registering the copyright for the Infringing Work were discharging their responsibilities for the benefit of Amazon Content.

10. At all times relevant herein, Defendant Animal Kingdom, LLC, was, and still is, a NEW YORK limited liability company doing business in the City and State of New York, New York County, with offices located at 242 West 30th Street, Suite 602, New York, New York 10001.

11. At all times relevant herein, the managers, supervisors and employees of Animal Kingdom involved in producing the Infringing Work were acting within the scope of their duties and functions as agents, servants and employees of Defendant Animal Kingdom, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for, and on behalf of, Defendant Animal Kingdom at all times relevant herein, with the power and authority vested in them as agents, servants and employees of Defendant Animal Kingdom and incidental to the lawful pursuit of their duties as employees, servants and agents of Defendant Animal Kingdom.  At all times relevant herein, the managers, supervisors and employees of Animal Kingdom involved in producing the Infringing Work were discharging their responsibilities for the benefit of Animal Kingdom.

12. At all times relevant herein, Defendant Big Indie, Inc., was, and still is, a NEW YORK corporation, doing business in the City and State of New York, New York County, with offices located at 214 West 39th Street, Suite 902, New York, New York 10018.

13. At all times relevant herein, the managers, supervisors and employees of Big Indie involved in producing the Infringing Work were acting within the scope of their duties and functions as agents, servants and employees of Defendant Big Indie, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for, and on behalf of, Defendant Big Indie at all times relevant herein, with the power and authority vested in them as agents, servants and employees of Defendant Big Indie and incidental to the lawful pursuit of their duties as employees, servants and agents of Defendant Big Indie.  At all times relevant herein, the managers, supervisors and employees of Big

Indie involved in producing the Infringing Work were discharging their responsibilities for the benefit of Big Indie.

14. At all times relevant herein, Defendant Tracey Cherelle Jones, was, and still is, domiciled in the State Of CALIFORNIA, with an address at 23215 Welby Way, West Hills, California 91307.

15. At all times relevant herein, Defendant Ms. Jones was knowingly in possession of the Original Work, a budget for producing the Original Work and a synopsis of the Original Work, which were provided to Defendant Ms. Jones by Plaintiff on or about 27 January 2007.  Ms. Jones was also knowingly in possession of a rewrite of the Original Work, specifically requested by her, which was provided to her by Plaintiff on or about 8 March 2020. At all relevant times herein, Defendant Ms. Jones used the Original Work for her own benefit by providing to a third-party the Original Work or information and ideas from the Original Work which are significantly similar to those portrayed in the Infringing Work.

16. At all times relevant herein, Defendant Mariama Diallo was, and still is, domiciled in the State of NEW YORK, in the City of New York, County of Kings, with an address at 1307 Pacific Street, Apt. 4A, Brooklyn, New York 11216.

17. At all times relevant herein, Defendant Ms. Diallo was knowingly or unknowingly in possession of the Original Work or knowingly or unknowingly in possession of information about the subject matter and content of the Original Work prior to or at the time she registered the copyright for the Infringing Work on Feb. 27, 2020.

18. At all times relevant herein, Defendant DialloGiallo, Inc. was, and still is, a NEW YORK corporation, doing business in the City and State of New York, County of Kings, with an address at 1307 Pacific Street, Apt. 4A, Brooklyn, New York 11216.

19. At all times relevant herein, the managers, supervisors and employees of Diallo Inc. involved in registering the copyright for the Infringing Work were acting within the scope of their duties and functions as agents, servants and employees of Defendant Diallo Inc., and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for, and on

behalf of, Defendant Diallo Inc. at all times relevant herein, with the power and authority vested in them as agents, servants and employees of Defendant Diallo Inc. and incidental to the lawful pursuit of their duties as employees, servants and agents of Defendant Diallo Inc.   At all times relevant herein, the managers, supervisors and employees of Diallo Inc. involved registering the copyright for the Infringing Work were discharging their responsibilities for the benefit of Diallo Inc.

## STATEMENT OF FACTS

20.     Plaintiff GABRIELLE S. WARNER is an African American screenplay writer who engages in creating original scripts intended for film or television. The Writer created the Original Work a/k/a "The Board" for which she initially registered a copyright on March 21, 2005, and subsequently registered a copyright for a fourth draft of "The Board" on March 8, 2020, with the United States Copyright Office.  Plaintiff also registered the Original Work with the Writers Guild of America, West, Inc. on or about March 21, ,2005, April 8, 2012, and again for the fourth draft of "The Board" on March 8, 2020.

21.     The original script "The Board" was inspired by events witnessed by Gabrielle Warner in the fall of 1989, as a freshman at the prestigious HBCU, Hampton University.  She was housed at Virginia Cleveland Hall, which was then the primary dorm for freshman females, as well as one of the oldest buildings on the Hampton University campus. Ms. Warner stayed in room D4, the uppermost room on the far right of the building—the same exact details of the location of the dorm room where Ms. Warner actually resided were written into her screenplay "The Board," and the same exact location details are reflected in the movie "Master".  During her freshman year at Hampton University, Ms. Warner and her newfound dorm mates were made aware of the legend attached to their new home, Virginia Cleveland Hall.  The legend suggests that a female named Kitty, who was said to be pregnant at the time of her death, allegedly committed suicide in the dorm by hanging herself in the attic sometime in the 1800's.  Most freshman females who have attended Hampton University, particularly those who had the opportunity to reside in Virginia Cleveland Hall, are aware of the legend of Kitty and the presence of her spirit in the dorm.  Ms. Warner's screenplay "The Board" was

based on her real-life experiences while residing in Virginia Cleveland Hall.  Kitty was renamed "Eva" in the screenplay "The Board." In the movie "Master" a similar character is renamed "Margaret Millet."

22.     On or about January 27, 2007, Plaintiff sent an email to Defendant Ms. Jones of the Original Work which had been copyrighted on March 21, 2005, together with a proposed budget and synopsis for the Original Work.  Ms. Jones, who is an actress, represented to Plaintiff that she could present the Original Work to a film producer. Years passed by without any contact from, or a production deal for the Original Work through, Ms. Jones.

23.     On or about February 22, 2020, Ms. Jones contacted Plaintiff by telephone with renewed interest in the Original Work. Ms. Jones stated that a close acquaintance of hers was looking for horror/suspense film scripts to present for production/distribution through Netflix and other streaming platforms. The Original Work was known to Ms. Jones as a screenplay in the horror/suspense genre.  Plaintiff was specifically asked about the availability of Original Work for production/distribution.  Plaintiff indicated that she had not signed any deals to produce/distribute the Original Work. Plaintiff further stated to Ms. Jones that the Original Work needed to be updated.  Ms. Jones impressed upon Plaintiff that time was of the essence.  Ms. Jones also asked Plaintiff to write in a middle-aged African American female role for Ms. Jones. Plaintiff completed the rewrite of the Original Work by March 8, 2020, which included the requested character for Ms. Jones.  The copyright for the rewritten Original Work was registered by Plaintiff on March 8, 2020, and the rewritten Original Work was delivered to Ms. Jones via email (traceydesigns4u@gmail.com) on March 9, 2020.  The added character is remarkably similar to the character portrayed by actress, Regina Hall in the Infringing Work.

24.     No communication was sent to or received from Ms. Jones after March 9, 2020.  Plaintiff, like everyone else in the world, was preoccupied with the onset of the COVID-19 pandemic. Plaintiff did not become aware of the Infringing Work until April 1, 2022, when a family member, who was familiar with the Original Work, saw the Infringing Work on the streaming platform Amazon Prime Video, which was officially released on Amazon Prime Video on March 18, 2022.  Ms. Jones was afforded the opportunity, via email

inquiries from Plaintiff's counsel on May 11, 2022, and May 13, 2022, to explain how the revised Original Work, which only she had received in March of 2020, could result in a film with many significant similarities. Her only response, which was directed to the 11 May 2022 email, fell far short of plausible because it neglected to acknowledge that she had received the Original Work in 2007.  The response from Ms. Jones also failed to acknowledge that she had initiated the contact in early 2020 because she was already aware of the horror/suspense nature of the Original Work; her response also failed to acknowledge that the 2020 revised version of the Original Work was a rewrite that she encouraged—including a character for her to portray.  Her assertions were contradicted by referencing the email from Plaintiff in 2007, which provided Ms. Jones with the Original Work, the budget for the Original Work and a synopsis for the Original Work, and by providing the text messages retained by Plaintiff from February and March of 2020.  Ms. Jones has not responded further to date.

25.     Plaintiff later discovered that film production for the Infringing Work began on or about February 24, 2020, and that filming was halted in response to the COVID-19 pandemic on or about March 12, 2020.  Film production for the Infringing Work resumed on or about January 18, 2021 and was completed on or about March 2, 2021.  The copyright for the Infringing Work known as "Master" was not registered until February 27, 2020, three days after filming began.  The copyright holders are listed as Mariama Diallo, DialloGiallo, Inc. and Amazon Content Services, LLC.  Either the completed Infringing Work exactly mirrors the script registered on February 27, 2020, or it does not.  Otherwise, it is clear that the script registered by Plaintiff on March 8, 2020, was used to complete the Infringing Work.

26.     The production companies attached to the Infringing Work are Defendants Amazon, through its wholly owned subsidiary or division, Amazon Studios, Animal Kingdom and Big Indie. The Infringing Work is distributed by Amazon, through its wholly owned subsidiaries or divisions Amazon Prime Video and Amazon Studios.

27.     A comparative analysis of the Original Work as revised in March of 2020 and the final film

released in March of 2022 reveals a direct match in the use of the name "Jasmine Moore" as one of the main characters; another direct match in using "1965" as the year a student committed suicide; and the inclusion of a middle aged African American female professor, who acts as the mentor to "Jasmine Moore." Notably, this character only exists in the March 2020 rewrite of the Original Work given exclusively to Defendant Ms. Jones in March 2020, after filming started on the Infringing Work in February 2020, but before filming was halted and resumed in March 2020 and January 2021, respectively.

28.     The striking similarities between the Original Work and the Infringing Work are set forth in the comparison chart annexed hereto as Exhibit A.  Based upon the foregoing facts and circumstances, Plaintiff has provided ample grounds to support the proposition that the Original Work and the Infringing Work should be subject to the striking similarity analysis, obviating the need for proof of direct access by all Defendants to the Original Work, to establish factual copying.  Here, the similarities in the works are so striking as to preclude the possibility that Plaintiff and Defendants independently arrived at the same result.

**FIRST CAUSE OF ACTION**
**Declaratory Relief**

29.     Plaintiff GABRIELLE WARNER repeats, reiterates and realleges each, and every, allegation contained in paragraphs marked 1 through 28 with the same force and effect as if more fully set forth at length herein.

30.     Plaintiff requests injunctive relief enjoining the Defendants from directly or indirectly infringing Plaintiff's rights under federal or state law in her copyrighted property, whether now in existence or later created, that is owned or controlled by Plaintiff, except pursuant to a lawful license or with the express authority of Plaintiff.

31.     Plaintiff has been and will continue to be damaged by Defendants' continuing acts of infringement, including, but not limited to, lost revenues and profits and continuing loss of value of her copyright interests.  The damages that Plaintiff has suffered and continues to suffer from this infringement are irreparable.  Plaintiff has no adequate remedy at law, and such conduct will continue to cause irreparable harm

unless restrained by this Court by the issuance of a preliminary injunction.

32.   Plaintiff is informed and believes that without injunctive relief by this Court, Defendants will continue to infringe Plaintiff's rights.  Plaintiff therefore requests that after trial, this Court issue a permanent injunction, restraining and enjoining Defendants and their agents, employees, attorneys, representatives, and anyone acting at their direction or on their behalf from copying, reproducing, distributing, or displaying, without the express consent of the Plaintiff, the copyrightable expression in the Infringing Work.

### SECOND CAUSE OF ACTION
### Copyright Infringement

33.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34.   The Original Work (including its Title and its content, and the characters that are an integral part of same) constitutes the copyrightable property with Plaintiff possessing all the exclusive rights to reproduce it as protected by the federal Copyright Act, 17 U.S.C. § 101, et seq.

35.   Plaintiff is the sole and exclusive owner of all the exclusive rights to reproduce the Original Work, prepare derivative property, and to display the Original Work publicly.

36.   Defendants had access to the Original Work and gained such access by obtaining actual copies of the Original directly or indirectly through Tracey C. Jones, who received the Original Work directly from Plaintiff, without authority or permission or license from Plaintiff to use the Original Work to produce any other work derived from the Original Work. Defendants then shared copies of the Original Work amongst themselves.

37.   The Infringing Work and its various scenes contain the same plot, themes, mood, setting, pace characters, sequence of events and other concrete elements making up the Original Work and therefore is substantially and strikingly similar to the Original Work.

38.   Defendants have copied and intend to continue copying the Original Work and the expressions contained therein in order to make and continue to show the Infringing Work without Plaintiff's license,

authority or consent.

39.     Plaintiff believes, and on this basis alleges, that Defendants copied the Original Work prior to the exhibition and distribution of the Infringing Work.  Defendants then used the copy of the Original Work to create the Infringing Work.

40.     Defendants have distributed and intend to continue to distribute copyrighted elements of the Original Work in the form of the Infringing Work to the public and have displayed the Infringing Work publicly without Plaintiff's license, authority or consent.

41.     By engaging in the above-described conduct, Defendants have committed and continue to commit copyright infringement under the federal Copyright Act, 17 U.S.C. § 101, et seq.

42.     Defendants copying of the Original Work without Plaintiff's license, authority or consent is a willful and conscious disregard of Plaintiff's rights under the federal Copyright Act.

43.     As a direct and proximate result of said infringement by Defendants, Plaintiff has been damaged and continues to be damaged in an amount to be determined at trial.  Plaintiff is also entitled, under 17 U.S.C. § 504(a), to statutory damages to the extent they exceed Plaintiff's actual damages, for each of Defendants' acts of infringement.

44.     Defendants acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

45.     As a direct and proximate result of Defendants' infringement of Plaintiff's copyright interests, Defendants have made and continue to make profits attributable to their infringement. The amount of these profits will be determined at the time of trial.

46.     As a direct and proximate result of Defendants' willful infringement of Plaintiff's copyright interest, Plaintiff is entitled to recover her attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

### THIRD CAUSE OF ACTION
### Contributory Copyright Infringement

47.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 46 of the Complaint as if fully set forth herein.

48.     Each Defendant is liable for contributory infringement in that each knew or should have known of the infringing activity alleged herein, and knowingly induced, caused and/or materially contributed to the infringing acts alleged herein, by aiding in the creation, development and/or exploitation of the Infringing Work.

49.     The acts and conduct of each Defendant, as alleged herein, constitute contributory copyright infringement.

### FOURTH CAUSE OF ACTION
### Vicarious Copyright Infringement

50.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51.     Each Defendant had the right, authority, and the ability to control or supervise the actions, failures, and omissions alleged herein that violated Plaintiff's copyrights in the Original Work.

52.     Each Defendant obtained a different financial benefit, interest, advantage, and/or economic consideration from the direct infringement alleged of Defendants herein.

53.     The acts and conduct of each Defendant, alleged herein, constitute vicarious copyright infringement.

### JURY DEMAND

Plaintiff hereby demands trial by jury of all issues properly triable thereby.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

(a)  Declare the Defendants to have infringed Plaintiff's copyrighted property;

(b)  Pursuant to 17 U.S.C. § 502, preliminarily and permanently enjoin Defendants, their officers, agents, servants, employees, attorneys and all persons in active concert or participation with them, from infringing Plaintiff's copyrighted property in any manner, and from reproducing or preparing of distributing derivative works from the copyrighted property;

(c)  Enter judgment against all Defendants, jointly and severally, in an amount equal to actual damages as determined by the Court; or

(d)  Enter judgment against all Defendants, jointly and severally, and order Defendants to turn over all contracts executed, pay statutory damages, including treble damages for willful infringement;

(e)  Enter judgment against all Defendants, jointly and severally, and order that Plaintiff be awarded the costs and expenses of bringing and prosecuting this action, including reasonable attorneys' fees; and

(f)  That Plaintiff have such other and further relief as this Court shall deem just and proper.

Dated: July 11, 2022
       New York, New York

                    /s/ Brian K. Robinson
                    BRIAN K. ROBINSON, ESQ. (BR 9535)
                    TAYLOR LOUIS, LLP
                    Plaintiff's Attorneys
                    90 Broad Street, Suite 300
                    New York, New York 10004
                    (212) 461-7167